IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50655
Summary Calendar
_____

CHRISTOPHER BRYAN WALLACE,

Plaintiff-Appellant,

versus

WILLIAM JOSEPH PASCOE, JR.; ET AL.,

Defendants,

WILLIAM JOSEPH PASCOE, JR.; GARY TODD TERBUSH; CITY OF GEORGETOWN,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-609-SS
---------------------
December 17, 2001
Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Christopher Bryan Wallace appeals the dismissal with prejudice of his 42 U.S.C. § 1983 complaint wherein he alleged that the defendants used excessive force when they arrested him for theft. The parties consented to proceed before the magistrate judge. On the morning that trial was set to begin, Wallace moved for a voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The magistrate judge granted the dismissal, but ordered

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it be with prejudice.  The magistrate judge concluded that Wallace's voluntary dismissal of the federal suit and his subsequent filing of the same cause of action in state court substantially prejudiced the defendants and added unnecessary costs of jury impanelment.  He therefore ordered that the costs incurred by the court for jury impanelment be assessed to Wallace.

Because Wallace does not sufficiently brief the issue, see Evans v. City of Marlin, Tex., 986 F.2d 104, 1065 n.1 (5th Cir. 1993), we do not address whether the last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice nor do we address the assessment of jury costs.  See e.g., United States v. One Tract of Real Prop., 95 F.3d 422, 425 (6th Cir. 1996)(holding that such is permissible).

We proceed to a determination whether the dismissal with prejudice amounted to an abuse of discretion.  See Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990).  Having reviewed the briefs and the record, we perceive no such abuse.  See, e.g., Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 198 (5th Cir. 1991).  Accordingly, we AFFIRM the judgment of the magistrate judge.

AFFIRMED.